UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE DANIELS,

        Petitioner,

v.                                      Case no. 07-CV-10462
                                       HONORABLE JOHN CORBETT O'MEARA

KENNETH ROMANOWSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.  Introduction**

Michigan prisoner Maurice Daniels ("Petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights.  Petitioner was convicted of first-degree premeditated murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2004.  He was sentenced to life imprisonment without parole on the murder conviction, a concurrent term of two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

In his pleadings, Petitioner raises claims concerning the late addition of a prosecution witness, the trial court's limitations on the cross-examination of a prosecution witness, the effectiveness of trial counsel, and the admission of an unavailable witness's police statement.

1

For the reasons stated herein, the Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from the shooting death of Duran Farris outside a gas station in Detroit, Michigan on October 11, 2003. The Michigan Court of Appeals set forth the relevant facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant was convicted of fatally shooting twenty-year-old Duran Farris outside a gas station in Detroit. At the time of the shooting, Farris was sitting in a car talking with his friends, Dwan Freeman and Shannon Smith. Defendant and Freeman each had a child with a woman named LaToya Rogers, and Freeman and Farris once had a physical altercation with defendant when he arrived at Freeman's mother's house to pick up Freeman's child for Rogers. When Freeman observed defendant approaching, he warned the victim to get out of his car and go into the gas station for safety. Freeman then immediately went inside the gas station. As he was doing so, he heard two shots, turned around, and observed defendant standing over the victim, who was on the ground outside his vehicle. Freeman saw defendant fire a shot down at the victim. Defendant then shot toward the gas station before fleeing.
>
> Shannon Smith, the second eyewitness, testified that he observed defendant remove a .45 caliber Colt weapon from his waist area. Smith then ran into the gas station. Smith testified that he heard six or seven shots and believed that defendant emptied his weapon before running away. Several of the shots were fired at the victim, but two were fired at the door of the gas station. Smith chased defendant as he fled. Smith failed to catch defendant, but caught up with defendant's girlfriend who had been walking with defendant. He brought the woman, identified as Tiffany Stevens, back to the gas station. At the scene, Stevens told the police that she saw defendant run toward the gas station brandishing a hand gun and shoot at the victim at least twice. She provided a brief description of defendant and his address.
>
> A third eyewitness could not identify defendant, but was at the gas station talking on his cellular telephone. He confirmed that the victim was in his car and that others were standing around the car before the first shots were fired.

*People v. Daniels*, No. 255728, 2005 WL 2372064, *1 (Mich. Ct. App. Sept. 27, 2005)

(unpublished).

Following his convictions, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same claims presented in the instant petition. The Michigan Court of Appeals affirmed his convictions. *Id*. Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Daniels*, 474 Mich. 1111, 711 N.W.2d 744 (2006).

Petitioner thereafter submitted his federal habeas petition asserting the following claims as grounds for relief:

> I. He was denied his right to a fair trial and his right of confrontation by the violation of discovery and the last minute addition of a witness claiming to have observed him shoot the decedent.
>
> II. He was denied his Sixth Amendment right of confrontation when the trial court limited the time and subject matter for cross-examination of the star prosecution witness for no adequate reason.
>
> III. He was denied his constitutional right to present a defense where counsel was prevented from impeaching the key prosecution witness with inconsistencies in his police statement and preliminary examination testimony.
>
> IV. Trial counsel was ineffective for failing to offer to stipulate that Petitioner has an unspecified prior felony as an element of the felon in possession of a firearm charge rather than disclose to the jury that he had prior convictions for larceny from a motor vehicle and larceny from a building.
>
> V. Trial counsel was ineffective for failing to object and move to suppress testimony that there was a "fugitive" warrant for his arrest, that he was apprehended out of the jurisdiction, and that he had been using an alias.
>
> VI. The admission of an unavailable witness's statements to the police violated his rights to confrontation and a fair trial and the hearsay rule and counsel was ineffective to the extent his objection failed to preserve the constitutional question.

Respondent has filed an answer to the petition asserting that it should be denied.

**III.     Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision

4

must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

    A.   <u>Late Endorsement of Witness</u>

Petitioner first asserts that he is entitled to habeas relief because the trial court allowed the last minute addition of prosecution witness Shannon Smith. Petitioner claims that this

5

action violated a discovery order and his rights to confrontation and a fair trial. Respondent contends that this claim lacks merit.

The record indicates that Dwan Freeman testified at the preliminary examination that a person named "Shannon" was present at the time of the shooting. Freeman did not know Shannon's last name, and Shannon was never identified until the first day of trial when the victim's family brought Shannon Smith to the prosecutor's office. The prosecutor immediately moved to amend her witness list. When the prosecutor moved to amend, no testimony had yet been taken. The trial court granted the motion to amend, but permitted the defense to interview Smith before he testified. *See Daniels*, 2005 WL 2372064 at *1.

It is well-settled that there is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (denying due process claim of a defendant who was convicted with aid of surprise testimony from an accomplice who was an undercover agent); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (citing *Weatherford*). A decision regarding the endorsement of a witness generally constitutes a state law matter within the trial court's discretion. *See Hence v. Smith*, 37 F. Supp. 2d 970, 982 (E.D. Mich. 1999) (citing cases); *Whalen v. Johnson*, 438 F. Supp. 1198 (E.D. Mich.1977) (it is not a fundamental error to permit a prosecutor to endorse a witness during trial even though the prosecutor had previously filed an affidavit stating that the witness was not material). This Court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, are generally not cognizable as grounds for federal habeas relief. *See Estelle v.*

*McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

In this case, the Michigan Court of Appeals determined that the endorsement of Shannon Smith was appropriate as a matter of state law. *See Daniels*, 2005 WL 2372064 at *1. This Court will not disturb the state court's determination that the endorsement of Smith was proper under Michigan law. State courts are the final arbiters of state law and federal courts do not intervene in such decisions. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner has also not shown that the state court's decision is contrary to or an unreasonable application of Supreme Court precedent. He has not demonstrated that his trial was rendered fundamentally unfair by the late endorsement of Shannon Smith, particularly given that defense counsel had the opportunity to interview Smith prior to his testimony and to request an adjournment or recess as necessary. Petitioner was not deprived of exculpatory evidence nor denied the ability to prepare an adequate defense. The trial court's endorsement of Shannon Smith did not deprive Petitioner of a federal constitutional right or a fair trial. Habeas relief is not warranted on this claim.

    C.    <u>Cross-Examination Claims</u>

Petitioner next asserts that he is entitled to habeas relief because the trial court limited the time and subject matter of defense counsel's cross-examination of prosecution witness Dwan Freeman. Petitioner claims that the trial court's actions violated his rights to

confrontation and to present a defense. Respondent contends that these claims lack merit.

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confront the witnesses against him. "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315 (1973). "Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness's story to test the witness's perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, *i.e.*, discredit the witness." *Id.* at 314.

The right of cross-examination, however, is not absolute. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. VanArsdall*, 475 U.S. 673, 679 (1986); *see also Norris v. Schotten*, 146 F.3d 314, 329-30 (6th Cir. 1998).

Additionally, the right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. State*, 388 U.S. 14, 19 (1967). However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). "A defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id*. (internal quotations omitted). In determining whether the exclusion of

evidence infringes upon a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result. Rather, the question is whether the defendant was afforded "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

The Michigan Court of Appeals denied relief on this claim finding that the trial court afforded Petitioner a reasonable opportunity to cross-examine Dwan Freeman with respect to his prior police statements and preliminary examination testimony and to test the veracity of his testimony. The Michigan Court of Appeals further concluded that the trial court did not abuse its discretion by imposing limitations on repetitive and confusing questions. *See Daniels*, 2005 WL 2372064 at *2.

Having reviewed the record, this Court concludes that state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The trial court's rulings did not violate Petitioner's constitutional rights nor deny him a fair trial. First, Petitioner had sufficient opportunity to cross-examine Dwan Freeman about the incident and his ability to identify the shooter, his veracity, the incidents leading up to the shooting, his potential for bias, as well as his prior police statements and preliminary examination testimony. Petitioner was allowed to impeach Freeman with the variations in his statements and testimony and to challenge the truthfulness of his testimony. The jury was well aware of the possible inconsistencies in Freeman's testimony despite the trial court's limitations on some of defense counsel's cross-examination. Moreover, the trial court's limitations were on repetitive and/or confusing questions and were within its discretion to conduct an efficient

and orderly trial. Second, Petitioner had a meaningful opportunity to present a defense. Petitioner had the opportunity to present evidence and argue that he was not responsible for the shooting. Petitioner was also sufficiently able to impeach Freeman and to present evidence of possible bias or motive to lie. The exclusion of additional, cumulative testimony did not deprive him of a fair trial. *See, e.g., Davis v. Burt*, 100 Fed. Appx. 340, 350 (6th Cir. 2004); *McCullough v. Stegall*, 17 Fed. Appx. 292, 295 (6th Cir. 2001). Petitioner has failed to establish that the trial court's rulings violated his constitutional rights or denied him a fundamentally fair trial. Habeas relief is not warranted on these claims.

      D.      Ineffective Assistance of Counsel Claims

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective for disclosing that Petitioner had prior larceny convictions rather than stipulating to an unspecified felony conviction relative to the felon in possession charge and for failing to object to evidence of flight and the use of an alias. Respondent contends that these claims lack merit and do not warrant habeas relief.

In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside

the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions might be considered sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim, finding that Petitioner failed to overcome the presumption that counsel "strategically placed the nonviolent crimes before the jury rather than allow it to speculate about the nature of the underlying felonies," and finding that the flight evidence was admissible such that counsel was not ineffective. *Daniels*, 2005 WL 2372064 at *2.

This decision is neither contrary to *Strickland* nor an unreasonable application thereof. First, as to the prior felonies issue, this Court agrees with the Michigan Court of Appeals that trial counsel made a reasonable and strategic decision to notify the jury of Petitioner's

11

nonviolent crimes with regard to the felon in possession charge rather than allowing the jury to speculate about the nature of those crimes. Petitioner has also not shown how he was prejudiced by the admission of such evidence, particularly given the nature and severity of the charges at issue in this case.

Second, as to the evidence of flight and use of an alias, such evidence was relevant and admissible under Michigan law. *See People v. Goodin*, 257 Mich. App. 425, 432, 668 N.W.2d 392 (2003); *People v. Coleman*, 210 Mich. App. 1, 4, 532 N.W.2d 885 (1995). Although the Supreme Court has expressed skepticism as to the probative value of evidence of flight, *see Wong Sun v. United States*, 371 U.S. 471, 483 n. 10 (1963), it has recognized that such evidence may be relevant to show consciousness of guilt. *See United States v. Scheffer*, 523 U.S. 303, 331 (1998) (dissenting opinion of Stevens, J.). Federal appellate courts have also held that evidence of flight is admissible to show consciousness of guilt. *See United States v. Dillon*, 870 F.2d 1125, 1126 (6th Cir. 1989); *accord United States v. Glenn*, 312 F.3d 58, 67 (2d Cir. 2002); *United States v. Lupino*, 301 F.3d 642, 646 (8th Cir. 2002). The admission of flight evidence is not fundamentally unfair. *See, e.g., Wright v. Jamrog*, No. 04-CV-71585-DT, 2005 WL 3262544, *7 (E.D. Mich. 2005) (admission of flight evidence was proper under Michigan law and did not justify habeas relief); *Dorchy v. Jones*, 320 F. Supp. 2d 564, 580 (E.D. Mich. 2004), *aff'd* 398 F.3d 783 (6th Cir. 2005). Because the flight-related evidence was admissible, Petitioner cannot establish that counsel was ineffective for not objecting to its admission. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. *See McQueen*, 99 F.3d at 1328. Habeas relief is therefore not warranted on these claims.

E. <u>Admission of Unavailable Witness's Testimony</u>

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court violated his confrontation rights and the hearsay rules by admitting the police statements of an unavailable witness named Tiffany Stevens. Respondent contends that this claim is procedurally defaulted in part, not cognizable in part, and that it otherwise lacks merit.

The Michigan Court of Appeals denied relief on this claim finding that any error in admitted Stevens' statement was harmless beyond a reasonable doubt. *See Daniels*, 2005 WL 2372064 at *2-3. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon the jury's verdict). Confrontation errors are subject to harmless error analysis. *See Delaware v. VanArsdall*, 475 U.S. 673, 684 (1986). In reviewing whether such an error is harmless, a reviewing court should consider "the importance of the witness's testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, ... and, of course, the overall strength of the prosecution's case." *Hill v. Hofbauer*, 337 F.3d 706, 718 (6th Cir. 2003) (quoting *VanArsdall*, 475 U.S. at 684).

Having reviewed the record, this Court finds that the Michigan Court of Appeals' decision that any error in admitting Tiffany Stevens' police statements into evidence was harmless is neither contrary to Supreme Court precedent nor an unreasonable application

13

thereof. While Stevens' testimony identified Petitioner as the shooter, her testimony was cumulative to that of Shannon Smith and Dwan Freeman who both witnessed the crime, knew Petitioner, and identified him as the shooter. The prosecution also presented testimony of Petitioner's motive (a prior altercation), as well as evidence of his flight and use of an alias following the crime. Given such significant evidence of Petitioner's guilt, the Court agrees that any error in admitting Stevens' testimony was harmless under the *Brecht* standard. Habeas relief is not warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition and that the petition shall be denied.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed *in forma pauperis* on appeal is **DENIED**.

s/John Corbett O'Meara<br>United States District Judge

Date: January 29, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 29, 2009, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager